**Corrine JUISTI, et al.**

v.

**HYATT HOTEL CORPORATION OF MARYLAND, et al.**

**Civ. No. S 94–260.**

United States District Court,
D. Maryland.

Feb. 10, 1995.

Vicki L. Dexter, Irwin, Kerr, Green, McDonald & Dexter, Baltimore, MD, Harris L. Pogust, Sherman, Silverstein, Kohl, Rose & Podolsky, Pennsauken, NJ, for plaintiffs.

Dean P. Gunby, Baltimore, MD, for defendant Hyatt.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is before the Court on the defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff has responded to this motion, and no oral hearing is necessary. Local Rule 105.6 (D.Md.).

This is a diversity tort case, in which the plaintiff[1] sues for injuries received when she ran down fourteen flights of stairs inside defendant Hyatt's Baltimore hotel in response to a fire alarm which was triggered by a maintenance crew's failure to turn on an exhaust fan while cleaning the hotel's kitchen oven. After the incident, the plaintiff experienced shortness of breath, and the emergency crews which had responded to the fire alarm treated her with oxygen at the scene. The following morning, the plaintiff awoke with severe breathing difficulty and chest pains and was rushed to the hospital, where she was diagnosed as suffering from a collapsed lung.

It is uncontroverted that the fire alarm was triggered by the activities of a maintenance crew cleaning the hotel kitchen. The crew belonged to Golden Maintenance Corp. ("Golden"), a subcontractor for the contractor holding the general cleaning contract at the Hyatt, Tidy Services, Incorporated.

The plaintiff argues that defendant Hyatt's liability for the actions of Golden's cleaning crew arises from its status as a landowner[2] and its resulting "non-delegable duty" to keep the premises safe for invitees. *See*

---

1. Although there are joint claims asserted, the Court will refer herein only to the plaintiff injured bodily, *viz.*, Mrs. Juisti, because the joint claims are dependent upon hers.

2. The duties owed by a legal owner of land, and an occupier who exercises control over the land, are the same. *Restatement (Second) of Torts* § 328 (1965). Although Hyatt does not own the land in question, its possession and control over it are sufficient under Maryland law to impose the non-delegable duty described above. *Rowley*, 305 Md. at 464, 505 A.2d at 498. For the sake of brevity, this opinion uses the term "landowner" loosely to include controlling occupiers of land such as the defendant.

*Rowley v. Mayor & City Council of Baltimore*, 305 Md. 456, 466, 505 A.2d 494, 499 (1986). As a customer of the defendant at the time of the incident, the plaintiff is indisputably classified as an invitee. *E.g., Sherman v. Suburban Trust Co.*, 282 Md. 238, 242, 384 A.2d 76, 79 (1978).

◼ Although a landowner is not an insurer of the safety of its invitees, it must exercise reasonable care for their protection. *Prosser and Keeton on Torts* 425 (5th ed. 1984). Thus, a landowner must use care to avoid injuring invitees through negligent activities on the land, and to protect invitees from unreasonable risks stemming from preexisting conditions on the land. *Id.* at 425–26.

◼ The defendant landowner in this case incorrectly asserts that it cannot be held liable for the plaintiff's injuries because the allegedly negligent action was performed by Golden, an independent contractor. To the contrary, the Court of Appeals of Maryland has recognized that a landowner which entrusts an independent contractor to maintain land in a safe condition has the same direct duty towards an invitee as though the landowner " 'had retained its maintenance in his own hands.' " *Rowley*, 305 Md. at 466, 505 A.2d at 499 (quoting the *Restatement (Second) of Torts* § 425 (1965)). As the *Rowley* court recognized, this general principle soundly prevents a landowner from avoiding the risk of liability by delegating to an independent contractor what, essentially, remains the landowner's duty toward the invitee. *Id.* Thus, the fact that Golden might have been an independent contractor of the defendant is of no moment to the determination of this case and does not affect Hyatt's potential liability for the actions of the crew cleaning the kitchen. *See id.* (landowner's duty to invitee "cannot be circumscribed by employment of an independent contractor").

It is undisputed that the kitchen exhaust fan was not in fact turned on when the maintenance crew began cleaning the oven. A reasonable jury could find that this omission was an unreasonable one and that an ordinarily prudent person would not have failed to activate the exhaust fan before cleaning an oven. Construing all facts and

inferences in the plaintiff's favor, the Court will assume for the purposes of this motion that the cleaning crew acted negligently, and that their actions breached the defendant's duty to exercise reasonable care for the safety of invitees in the hotel.

To recover for her injuries, however, the plaintiff must also demonstrate that the negligent conduct upon which she bases her claim was a proximate cause of her injuries. *E.g., Stone v. Chicago Title Ins. Co. of Md.*, 330 Md. 329, 337, 624 A.2d 496, 500 (1993); *Scott v. Watson*, 278 Md. 160, 165, 359 A.2d 548, 552 (1976). The test for determining whether proximate cause exists is usually stated in terms of foreseeability and is intended "to reflect current societal standards with respect to an acceptable nexus between the negligent act and the ensuing harm." *Henley v. Prince George's County*, 305 Md. 320, 334, 503 A.2d 1333, 1340 (1986). The Court of Appeals of Maryland has elaborated on the concept of foreseeability: "Our analysis of foreseeability in the proximate cause context turns on whether the actual harm to the [plaintiff] fell within *a general field of danger* that [the defendant] could have anticipated." *Stone*, 330 Md. at 337, 624 A.2d at 500 (emphasis added). The *Stone* court also quoted the *Restatement (Second) of Torts* to the effect that,

'The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm.'

*Id.* (quoting *Restatement (Second) of Torts* § 435(2) (1965)).

◼ On the facts of this case, the Court finds without reservation that it is "highly extraordinary" that a kitchen worker's slight negligence in cleaning the hotel oven caused a guest of the hotel to suffer a collapsed lung. Massive respiratory failure simply falls far outside the "field of danger" which one could reasonably expect to result from negligent oven cleaning. After failing to turn on the oven's exhaust fan, one might expect a kitchen worker to suffer injury from inhaling

fumes from cleaning chemicals, or perhaps the fumes might cause some type of eye or skin damage. A collapsed lung, however, is wholly different in kind from the type of harm to be anticipated from the defendant's conduct. No reasonable jury could find by a preponderance of the evidence that the plaintiff's injury was a reasonably foreseeable result of negligent oven cleaning. Thus, summary judgment is warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court's holding that the plaintiff's case must fail for lack of proximate cause does not rest upon the bizarre chain of events that led to the plaintiff's injury in this case. As the Court of Appeals explained in *Morran v. Faberge*, 273 Md. 538, 332 A.2d 11 (1975),

[T]here is no liability for damage that falls entirely outside the *general threat of harm* which made the conduct of the actor negligent. The sequence of events, of course, need not be foreseeable. The manner in which the risk culminates in harm may be unusual, improbable and highly unexpectable ... and yet, if the harm suffered falls within the general danger area, there may be liability.... It is not the 'freakish' chain of circumstances that actually occurred that must be reasonably foreseeable, but rather the more general class of harm that might occur to invitees.

*Id.* at 551, 332 A.2d at 19 (quoting Harper, *A Treatise on the Law of Torts* § 7 (1933)) (emphasis in original). The plaintiff's case must fail, not because the circumstances leading to her injury were quite unusual, but rather because her injury itself is of a completely different nature, outside the "general danger area" or "general class of harm," from what reasonably could be expected to result from the defendant's negligence. What happened to the plaintiff was unfortunate, but unforeseeable. Thus, it is just one of those things for which the law does not shift the risk or the responsibility.

Finally, the Court notes that there is no genuine dispute on any other theory of liability. The plaintiffs have neither argued, nor offered any evidence to support, liability on the theories of *respondeat superior*, negligent engagement, or performance of inherently dangerous activities. Moreover, even if such theories had been advanced, summary judgment would still be appropriate, given that Golden's allegedly negligent activity was not the proximate cause of plaintiff's injuries.

For the foregoing reasons, defendant Hyatt's Motion for Summary Judgment will be *GRANTED*.