**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CORRINE JUISTI; SAMUEL JUISTI,
Plaintiffs-Appellants,

v.

HYATT HOTEL CORPORATION OF
MARYLAND,                                    No. 95-1315
Defendant-Appellee,

and

GOLDEN MAINTENANCE COMPANY,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-94-260-S)

Argued: October 31, 1995

Decided: September 3, 1996

Before WILKINSON, Chief Judge, and WIDENER and ERVIN,
Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Widener wrote
the majority opinion, in which Judge Ervin joined. Chief Judge Wil-
kinson wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Harris Lee Pogust, SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, Pennsauken, New Jersey, for Appellants.

Dean Perdue Gunby, Jr., LAW OFFICES OF HAROLD A. MACLAUGHLIN, Baltimore, Maryland, for Appellee. **ON BRIEF:** Alan C. Milstein, SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, Pennsauken, New Jersey, for Appellants.

_____

## OPINION

WIDENER, Circuit Judge:

On May 5, 1991, at approximately 5:00 a.m., the fire alarm went off in the Hyatt Regency Hotel in Baltimore, Maryland. Mr. and Mrs. Juisti, who were staying on the fourteenth floor of the hotel that night, evacuated the building by taking the stairs. Mrs. Juisti experienced shortness of breath upon reaching the ground floor and was given oxygen by the Baltimore City Fire Department. The hotel also gave her an oxygen tank to use in her room. The Juistis returned home to Pennsylvania that afternoon. The next day, Mrs. Juisti still experienced shortness of breath, and she also had chest pains. She went to the hospital where she was diagnosed as having a collapsed lung.

According to the hotel security report, the fire alarm apparently was set off by a cleaning crew that cleaned the oven hood in the kitchen without using the exhaust fans. The Juistis filed this diversity action in the district court on February 3, 1994 seeking damages for negligence. The district court granted the defendant's motion for summary judgment on the issue of proximate cause on February 10, 1994.

This case is on appeal from the district court's grant of summary judgment in favor of the defendant, which we review de novo. In re Bulldog Trucking, Inc., 66 F.3d 1390, 1395 (4th Cir. 1995).

According to the district court, "[i]t is uncontroverted that the fire alarm was triggered by the activities of a maintenance crew cleaning the hotel kitchen." Juisti v. Hyatt Hotel Corp., 876 F. Supp. 83, 84 (D. Md. 1995). The district court also found: "[i]t is undisputed that the kitchen exhaust fan was not in fact turned on when the maintenance crew began cleaning the oven." 876 F. Supp. at 85. For the purposes of the motion for summary judgment, the court assumed that the

2

cleaning crew acted negligently and that the hotel thus breached its duty to exercise reasonable care for the safety of its guests. The court then granted summary judgment for the hotel because it decided that the negligent conduct of the cleaning crew was not the proximate cause of Mrs. Juisti's injuries. The court's basis for this decision was that the plaintiff's "injury itself is of a completely different nature, outside the `general danger area' or `general class of harm,' from what reasonably could be expected to result from the defendant's negligence." 876 F. Supp. at 86. The court determined that a collapsed lung is outside the field of danger one can expect from negligent oven cleaning and that "no reasonable jury could find . . . that the plaintiff's injury was a reasonably foreseeable result of negligent oven cleaning." 876 F. Supp. at 86.

The question of proximate cause under Maryland law, however, is not whether the hotel's negligence in setting off the alarm could reasonably be expected to cause the plaintiff's specific injury, but whether such negligence could reasonably be expected to cause the plaintiff any injury. The district court quoted and relied upon the Maryland Court of Appeals' decision in Stone v. Chicago Title Ins. Co., 624 A.2d 496 (Md. 1993), for Maryland's view of foreseeability, however, the court did not complete the paragraph. The court correctly quoted: "Our analysis of foreseeability in the proximate cause context turns on whether the actual harm to the[plaintiff] fell within a general field of danger that [the defendant] should have anticipated," but left out "rather than whether the harm was the specific kind that he should have expected." Stone , 624 A.2d at 500 (emphasis added). Under Maryland's field of danger analysis, the question is might the hotel have anticipated that the plaintiff might suffer injury as a consequence of evacuating the hotel by taking the stairs when the hotel's negligence caused the fire alarm to go off, not should the hotel have anticipated that the plaintiff might suffer a collapsed lung. A reasonable jury might resolve this issue in favor of either party, therefore, summary judgment is not appropriate in this case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

We caution that the question of whether negligence on the part of the hotel caused the alarm to go off is not a question we have decided. The district court assumed for the purposes of the motion that the

3

cleaning crew was negligent, therefore, on remand this issue remains open. The sole question before us was proximate cause.

The judgment of the district court must be vacated and the case remanded for further proceedings.

VACATED AND REMANDED

WILKINSON, Chief Judge, dissenting:

I respectfully dissent. The district court properly granted summary judgment to a hotel whose guest suffered injury not from any fire but from the exertion of evacuating a building in response to a fire alarm.

The hotel should not be faulted for having a fire alarm that actually worked. Under the majority's rule, the chief way a hotel can protect against liability is to have fire alarm systems that are difficult to activate. This poses the danger, of course, that hotel fires will cause scores of casualties and that guests will be trapped in these tall buildings or otherwise asphyxiated in their rooms.

It is better to follow a rule that does not equate proximate cause with cause in fact. See Peterson v. Underwood , 264 A.2d 851, 855 (Md. 1970). It is entirely foreseeable that the negligence of the kitchen crew in failing to turn on the exhaust fans could harm people in the vicinity with fumes. It is too attenuated to hold that the negligent failure to turn on an exhaust fan would then lead to activation of a fire alarm which would then cause a guest exiting in response to that alarm to suffer a collapsed lung from the exertion.

Fire alarms are a necessity of modern life. By faulting (or at least denying summary judgment to) building owners for having alarms that do the job they are supposed to do, my good colleagues create a dangerous set of incentives. Tort law should promote public safety, not undermine it. I would affirm the judgment of the district court.

4